**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS ENRIQUE GONZALEZ-ERAZO, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-71240 <br><br> Agency No. A070-938-508 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before: RYMER, THOMAS, and PAEZ, Circuit Judges.

Carlos Enrique Gonzalez-Erazo, a native and citizen of Guatemala, petitions

pro se for review of the decision of the Board of Immigration Appeals, denying his

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and relief under the Convention Against Torture.

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's determination unless the evidence compels a contrary conclusion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). We deny the petition for review.

Gonzalez-Erazo contends that he suffered past persecution when guerrillas threatened him, and he fears future persecution from gangs. Petitioner testified that he was not harmed by the guerillas. Substantial evidence supports the agency's determination that petitioner failed to establish past persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). In addition, petitioner's speculative fear of future gang activity and persecution does not serve as a basis for asylum relief. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008).

Because Gonzalez-Erazo failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the agency's denial of CAT relief because petitioner did not establish that it was more likely than not that he will be tortured by or with the acquiescence of the Guatemalan government. *See Silaya v.*

*Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). Contrary to Gonzalez-Erazo's contention, the BIA provided a sufficient explanation for denying CAT relief.

We lack jurisdiction to consider Gonzalez-Erazo's claim that he should be granted asylum based on humanitarian reasons because he failed to raise that issue before the BIA, and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**